By the Court.
 

 These two cases will be disposed of in one opinion. Plaintiffs in error were jointly indicted, tried, and convicted. The first count in the indictment charged embezzlement of $27,900. The second count charged that they had fraudulently and unlawfully misappropriated to their own use the same money. Each count stated that the money belonged to the Municipal Savings & Loan Company, and that the accused were officers and agents of that company. The Court of Appeals affirmed the judgments of the court of common pleas. The accused prosecute error in this court, assigning several grounds of error.
 

 
 *280
 
 These prosecutions arise out of the failure of a business enterprise of great scope and magnitude. The plaintiff in error Peskind and certain associates, later joined by the plaintiff in error Karp, herein referred to as promoters, several years ago conceived a plan of purchasing extensive tracts of unimproved real estate adjacent to the city of Cleveland, platting the same, constructing hundreds of residences and other buildings thereon, and otherwise improving the property, and then selling the property in its improved state. The enterprise, as planned, necessarily called for the employment of many agencies of operation, corporate as well as individual, for the use of large amounts of money and the maintaining of substantial sources of credit. All these agencies ’were provided-for as needed, and the enterprise moved into action. Many connected with the undertaking appear to have been enthusiasts; that is to say, they believed far more than they could prove, and could prove far more than any one else would believe.
 

 At the very beginning of activities a very extensive, complicated, overlapping duplicating system of accounts, records, and reports was adopted, and this system, containing but little of simplicity and clarity, seems to have been well designed to keep step with the enterprise and to add new phases and frills to meet the eventualities of the future.
 

 After making very extensive purchases of real property, and of personal property as well, to be used in the improvements, erecting many hundreds of residences, constructing other improvements,’ making hundreds of sales, taking hundreds of notes
 
 *281
 
 and mortgages, and doing many other things on a very extensive scale, including the borrowing of money in large sums and the repayment thereof in part, the promoters became financially embarrassed, the enterprise collapsed, all of its assets passed into the hands of receivers appointed by the court, and the day of reckoning was at hand. Many actions, both civil and criminal, including these two prosecutions against the plaintiffs in error, were begun.
 

 The judgments of conviction and sentence in these two cases must be reversed for two reasons, that is to say, the state not only failed to establish that the $27,900 was the money of the Municipal Savings & Loan Company, but, on the contrary, the evidence offered by the state, as well as that offered by the accused, clearly and definitely established the fact that this money belonged to another, the Representative Realty Company. And, furthermore, the evidence offered by the state, as well as that offered by the accused, clearly established the fact that when certain priorities of lien held by the Municipal Savings & Loan Company were waived by that company at the instance of the plaintiffs in error, in favor of the Cleveland Trust Company, so that the latter company could loan said $27,900 to the Representative Realty Company, and hold as security therefor a lien on the same property prior to the liens of the Municipal Savings & Loan Company thereon, there were deposited by the Representative Realty Company with the Municipal Savings & Loan Company, as collateral and in lieu of such waiver, certificates
 
 *282
 
 of deposit theretofore issued by the Municipal Savings
 
 &
 
 Loan Company in favor of the Representative Realty Company in an amount equal to, or greater in the aggregate than, the total of the obligations held by the Municipal Savings & Loan Company and secured by the liens so waived. •
 

 The claim of the state that these certificates' of deposit were without value, or nearly so, is not sustained by any evidence. As and when these certificates of deposit were issued, the credit 'account of the Representative Realty Company on the books of the Municipal Savings & Loan Company was diminished accordingly. These certificates of deposit outstanding in the hands of the Representative Realty Company must be held as a liability of the Municipal Savings & Loan Company for their face value in favor of the owner and holder thereof, the Representative Realty Company. A certificate of deposit is an instrument well known in the law; it speaks for itself; and carries the presumption, until the contrary is shown, that it has been issued on full consideration received by the bank or other financial institution which issues the certificate. "When the Municipal Savings & Loan Company waived its priority of liens on these six pieces of property in question, and received in lieu thereof its own certificates of deposit equal or greater in amount, that completely negatived any intention on the part of the accused to defraud the Municipal Savings & Loan Company by that transaction.
 

 The motion made for a directed verdict in favor of each of the accused, plaintiffs in error, should have been granted by the trial court when these
 
 *283
 
 motions were presented. The judgment of the lower courts will he reversed, and judgment will he entered here in favor of each of the plaintiffs : in error.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.